1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10 MARTIN REYES, an individual, on behalf of himself and on behalf of all persons 11 similarly situated, | No. 2:24-cv-00300-KES-HBK |
| 12 Plaintiff, | ORDER GRANTING DEFENDANT COSTCO WHOLESALE CORPORATION'S MOTION |
| 13 v. | TO DISMISS |
| 14 COSTCO WHOLESALE CORPORATION, et al., | (Doc. 14) |
| 15 | |
| 16 Defendant. | |
| 17 | |

18        Plaintiff Martin Reyes brings this putative class action against defendant Costco

19 Wholesale Corporation, alleging violations of the California Labor Code and California Business

20 and Professions Code § 17200 *et seq.* in connection with defendant's labor practices.  First

21 Amended Complaint ("FAC"), Doc. 9.  Defendant moves to dismiss plaintiff's FAC pursuant to

22 Federal Rule of Civil Procedure Rule 12(b)(6), arguing plaintiff failed to sufficiently plead his

23 causes of action.  Motion to Dismiss ("Motion"), Doc. 16.  For the reasons set forth below, the

24 motion to dismiss is granted.

25   **I.    BACKGROUND**

26        Plaintiff was employed as a warehouse worker in defendant's Sacramento location from

27 an unspecified date in 2003 to August 10, 2023.  FAC ¶ 3, Doc. 9.  Plaintiff filed this action in

28

1   Sacramento Superior Court on behalf of himself and the putative class members, consisting of

2   workers employed by defendant in California during a period beginning four years prior to the

3   filing of the complaint and ending on a date to be determined by the court.  *Id.* ¶ 4.  Defendant

4   timely removed this action to federal court on January 24, 2024.  Notice of Removal, Doc. 1.

5   Defendant then filed a motion to dismiss (Doc. 6), which defendant withdrew after plaintiff filed

6   his FAC.  Withdrawal of Motion to Dismiss, Doc. 13.

7           The FAC alleges nine causes of action: (1) a derivative claim of unfair business practices

8   in violation of California Business and Professions Code § 17200 *et. seq.* (UCL); (2) failure to

9   pay minimum wage in violation of California Labor Code §§ 1194, 1197, and 1197.1; (3) failure

10  to pay overtime wages in violation of California Labor Code § 510; (4) failure to provide required

11  meal periods in violation of California Labor Code §§ 226.7 and 512 and the applicable Industrial

12  Welfare Commission ("IWC") Wage Order; (5) failure to provide rest periods in violation of

13  California Labor Code §§ 226.7 and 512; (6) failure to provide accurate itemized statements in

14  violation of California Labor Code § 226; (7) failure to reimburse work-related losses and

15  expenses in violation of California Labor Code § 2802; (8) failure to timely pay wages in

16  violation of California Labor Code §§ 201, 202 and 203; and (9) failure to pay sick pay in

17  violation of California Labor Code §§ 201-203, 233, and 246.  FAC, Doc. 9.  On February 23,

18  2024, defendant filed the pending motion to dismiss plaintiff's claims. Motion, Doc. No. 14.

19  Defendant alleges the FAC is substantively the same as plaintiff's original complaint, that the

20  changes plaintiff made are insufficient to state a claim, and that further leave to amend would be

21  futile.  Motion, Doc. 14 at 9.  Plaintiff filed an opposition on March 8, 2024 (Doc. 16), and

22  defendant filed its reply on March 18, 2024 (Doc. 20).[1]

23  **II.    LEGAL STANDARD**

24          Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.

25  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based on the lack of a

26  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

27  _____

28  [1] Plaintiff argues that the "motion to remand" must be decided before defendant's motion to
    dismiss.  Opposition to Motion, Doc. 16 at 7.  However, there is no pending motion to remand.

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In evaluating a motion to dismiss under Rule 12(b)(6), the court presumes the factual allegations within the complaint to be true and draws all reasonable inferences in favor of the nonmoving party.  *Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir. 2023) (citing *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987)).

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under federal notice pleading standards, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Iqbal*, 556 U.S. at 677–78.  "[B]are assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

**III.    ANALYSIS**

To state a claim for wage and hour violations, the plaintiff need not plead "detailed factual allegations" regarding each instance of violation; however, "conclusory allegations that merely recite the statutory language" are inadequate. *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644 (9th Cir. 2014); *see also Guerrero v. Halliburton Energy Servs., Inc.,* No. 1:16-CV-1300-LJO-JLT, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016) (collecting district court cases applying *Landers* to wage and hour claims).

District courts have varied in their interpretation of *Landers* and the sufficiency of allegations required for plaintiffs to adequately allege wage and hour claims. *See Sanchez v. Ritz*

*Carlton*, No. CV153484PSGPJWX, 2015 WL 5009659, at *2 (C.D. Cal. Aug. 17, 2015). Some courts have interpreted *Landers* as not requiring plaintiffs to "allege specific dates, actual (or approximate) amounts of wages, corresponding violations, and other data giving rise to their claims" because such requirements "would rachet up the general pleading standard such that it would resemble the Rule 9 particularity standard." *Sagastume v. Psychemedics Corp.*, No. CV206624DSFGJSX, 2020 WL 8175597, at *3 (C.D. Cal. Nov. 30, 2020); *see also Perez v. Island Hosp. Mgmt. III, LLC*, No. CV184903DMGJPRX, 2019 WL 3064113, at *4 (C.D. Cal. Feb. 8, 2019). Other courts have interpreted *Landers* to require plaintiffs to provide some material details as to such allegations to sufficiently plead their claims and have dismissed complaints that merely recite the statutory language. *See Cabrera v. S. Valley Almond Co.*, LLC, No. 121CV00748AWIJLT, 2021 WL 5967909, at *3 (E.D. Cal. Dec. 16, 2021); *Turner v. LTF Club Mgmt. Co., LLC*, No. 220CV00046KJMJDP, 2022 WL 1018498, at *6 (E.D. Cal. Apr. 5, 2022) (dismissing claims where plaintiff did not "provide any meaningful detail to give a sense of when the alleged violations happened or how often they happened" to make the claims plausible).

To survive a motion to dismiss the complaint must include some specific allegations about the plaintiff's claims beyond the broad allegations applicable to putative class members generally. *See Sanchez,* 2015 WL 5009659, at *2-3 ("Allegations that speak only to class members generally are insufficient to state a claim."). In *Landers*, the Ninth Circuit relied in part on the First Circuit's decision in *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012). *Landers*, 771 F.3d at 644. In *Pruell*, the First Circuit reasoned that plaintiffs could "draw on their memory and personal experience to develop factual allegations with sufficient specificity that they plausibly suggest that defendant failed to comply with its statutory obligations." *Id.* at 643 (internal citation omitted).

Plaintiffs are not required to "approximate the number of hours worked without compensation" or allege how much is owed "with mathematical precision." *Landers*, 771 F.3d at 646 (citation and quotation marks omitted). However, "to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours *in a given workweek* without being compensated for the overtime hours worked during *that*

4

workweek." *Id.* at 644–45 (emphasis added).  A plaintiff may accomplish this "by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.* at 645.  However, a plaintiff may not rely on conclusory allegations that merely recite the statutory language to state a claim. *Id.* at 644.

## A.    Meal and Rest Period Claims (Claims 4 and 5)

The court first examines the meal and rest period claims (Claims 4 and 5), which are, at least in part, the basis for many of the other claims.  California law requires employers to provide employees with meal and rest periods and prohibits employers from requiring employees to work during any meal or rest period mandated by the IWC unless the employer pays one additional hour of pay for each workday that a meal or rest period is withheld. *See* Cal. Lab. Code § 512(a), (c); Cal. Lab. Code § 226.7.  Plaintiff alleges defendant failed to provide required meal and rest periods and failed to pay plaintiff and the putative class members the wages owed for such missed meal periods (claim 4) and rest periods (claim 5).

Defendant argues plaintiff's claims are insufficiently pled because the FAC includes only boilerplate recitations of the Labor Code requirements and contains no specific allegations regarding defendant's conduct.  Motion, Doc. 14 at 15.  The FAC alleges generally that defendant violated his and the putative class members' required meal and break periods.  FAC ¶¶ 95-102, Doc. 9.  Plaintiff alleges that he was "from time to time interrupted by work assignments while clocked out for what should have been PLAINTIFF'S off-duty meal break and rest period." FAC ¶ 8, Doc. 9.  Plaintiff alleges he was prevented from taking the required meal and break periods "at least two times per week," because he was required to assist with sign ups, to lift heavy items, and assist customers when the lines were busy. *Id.*  Plaintiff further alleges that "the rigorous work schedule[ ]" prevented him from being "fully relieved of duty" during meal breaks. FAC ¶ 11, Doc. 9.  Defendant argues such allegations are insufficient to state a claim because plaintiff does not: (1) specify who cut short or denied any meal or rest period; (2) state when the denial happened; (3) state whether he was paid the premium for missing meal and rest breaks; or (4) include any details that would make the alleged noncompliance involuntary.  Motion, Doc. 14

1    at 15.

2          Under the notice requirements set forth in *Iqbal* and *Twombly*, plaintiff is required to

3    plead sufficient allegations that, when accepted as true, give rise to a plausibility that plaintiff is

4    entitled to relief. *Turner*, 2022 WL 1018498, at *5 (citing *Iqbal*, 556 U.S. at 679). The FAC

5    describes the type of work plaintiff was required to perform during his meal and rest periods.

6    FAC ¶ 8, Doc. 9. However, plaintiff fails to sufficiently plead a single instance in which he

7    worked the requisite work hours and was required to forgo meal and rest breaks without

8    compensation. The FAC does not allege any specific instance in which plaintiff was required,

9    asked, or otherwise pressured to forgo his meal and rest breaks. *See Brinker Rest. Corp. v.*

10   *Superior Court*, 53 Cal. 4th 1004, 1040 (2012) (a meal break violation requires an employer to

11   "impede[s] or discourage[s]" employees from taking breaks); *Boyack v. Regis Corp.*, 812 F.

12   App'x 428, 431 (9th Cir. 2020) (affirming dismissal because plaintiff failed to allege a single

13   workweek in which defendant "impeded or discouraged" plaintiffs from taking rest breaks").

14         The FAC's non-specific and conclusory allegations reciting statutory language are not

15   sufficient to survive a motion to dismiss. *See Benyamin v. Topgolf Payroll Servs., LLC*, No. 2:23-

16   CV-00303-JAM-DB, 2023 WL 4054543, at *3 (E.D. Cal. June 16, 2023) (dismissing meal and

17   rest break claims because plaintiff did not "point to one instance where he worked five or ten

18   hours and was denied a meal period" and did not provide factual allegations that "he worked

19   more than four hours without receiving a ten-minute break"); *Chavez v. RSCR California, Inc*.,

20   No. 2:18-CV-03137-JAM-AC, 2019 WL 1367812, at *2 (E.D. Cal. Mar. 26, 2019) (plaintiff's

21   failure to plead at least one occasion where she was impeded from taking a meal or rest break

22   likely runs afoul of *Landers*).

23         Plaintiff's general allegations that he was "pressured, incentivized, and discouraged" to

24   forgo his meal and rest breaks (FAC ¶ 8, Doc. 9) fail to sufficiently allege *how* defendant

25   impeded or discouraged plaintiff from taking the required breaks. *See Guerrero v. Halliburton*

26   *Energy Servs., Inc.,* 231 F. Supp. 3d 797, 806 (E.D. Cal. 2017) (dismissing meal and rest period

27   claims because "mere allegations" that plaintiff felt "pressured" to work were insufficient);

28   *Benyamin,* 2023 WL 4054543, at *3 (dismissing meal and rest break claims because plaintiff

1  failed to "describe what an employer actually told plaintiff or did to interfere with meal periods

2  and rest breaks"); *Chavez*, 2019 WL 1367812, at *2 (E.D. Cal. Mar. 26, 2019) (allegation that

3  plaintiff was prevented from taking meal and rest breaks because she was required to assist clients

4  when necessary was insufficient to state claim because plaintiff failed to allege what defendant

5  "actually told her or did to interfere with those breaks"); *Meraz-Valencia v. Westlake Royal*

6  *Roofing, LLC*, No. 2:22-CV-00491-DAD-AC, 2023 WL 2541852, at *3 (E.D. Cal. Mar. 16,

7  2023) (dismissing claims because plaintiff did not allege missed meals were "because of an

8  impediment created by defendant or discouragement by defendant as opposed to due to plaintiff's

9  own decision.").

10       Further, plaintiff has not sufficiently alleged how his job as a warehouse employee

11  required him to assist with sign ups or assist customers when there was a long line, and he does

12  not plausibly allege that he was required to perform these tasks without compensation. *See*

13  *Ramirez v. HV Glob. Mgmt. Corp.*, No. 21-CV-09955-BLF, 2023 WL 322888, at *5 (N.D. Cal.

14  Jan. 19, 2023) (dismissing meal and rest period claims because allegation that plaintiff was

15  required to serve food and beverages at six-hour events was insufficient); *Ramirez v. C & J Well*

16  *Serv., Inc.,* No. CV 20-535 PSG (SSX), 2020 WL 5846464, at *4 (C.D. Cal. Mar. 27, 2020)

17  (dismissing claims because plaintiff failed to allege how defendant "actively prevented or

18  discouraged him and other employees from taking their breaks").

19       While plaintiff need not allege each instance of violation by defendant, consistent with

20  *Landers*, plaintiff must plausibly allege he was denied meal and rest breaks in some specific

21  instances. *See Landers*, 771 F.3d at 645. Although plaintiff has not sufficiently alleged

22  defendant's failure to provide him with such breaks, plaintiff has described the type of work that

23  he allegedly performed during unspecified off-duty meal and rest breaks, and he alleges generally

24  that this occurred two times per week or more. FAC ¶ 8, Doc. 9. Given these allegations, it is not

25  clear that further amendment would be futile. Accordingly, claims 4 and 5 are dismissed without

26  prejudice.

27  ///

28  ///

7

1

      **B.**      <u>Unpaid Wages Claims</u>

2

      Plaintiff alleges defendant failed to pay him and the putative class members wages they

3

were owed.  Specifically, plaintiff alleges defendant failed to pay minimum wages (claim 2),

4

overtime wages (claim 3), and sick pay wages (claim 9), and failed to timely pay wages due after

5

the termination of plaintiff's employment (claim 8).  Plaintiff's sick pay wages and untimely

6

wages claims are derivative of the meal period, rest period, minimum wages, and overtime wages

7

claims.  Therefore, the court will examine the minimum wages and overtime wages claims before

8

turning to the sick pay wages and untimely wages claims.

9

        **1.   Failure to pay minimum wages and overtime wages (Claims 2, 3)**

10

      California law requires employers to compensate employees who work overtime with at

11

least one and one-half times the regular rate of pay.  *See* Cal. Lab. Code §§ 510, 1194.  Plaintiff

12

alleges that Defendant failed to pay for "work performed in excess of eight (8) hours in a

13

workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek."

14

FAC ¶ 81, Doc. 9.  Plaintiff alleges that defendant's policy and practice to make employees work

15

without payment resulted in plaintiff and the putative class members not receiving payment for all

16

overtime wages they were owed.  FAC ¶¶ 73, 75, Doc. 9.  Plaintiff further alleges that he was

17

required to perform off-the-clock work during meal and rest breaks, and pre-shift work such as

18

"assist[ing] in relocating shopping carts and flat beds prior to clocking in" for shifts, and opening

19

steel doors prior to the store opening.  This allegation forms the basis for plaintiff's failure to pay

20

minimum wages and overtime wages claims.[2]  Opposition, Doc. 16 at 12; FAC ¶ 12.  Defendant

21

argues that such allegations are insufficient to meet Rule 8(a)'s requirements.  Motion, Doc. 14 at

22

11-14.

23

24

25

26

27

28

---

[2] The FAC also alleges that defendant improperly rounded wages, but there are no further allegations regarding improper rounding in the FAC and plaintiff did not raise any arguments concerning this allegation in his opposition to the motion to dismiss.  *See* FAC, Doc. 9 and Opposition, Doc. 16.  Accordingly, to the extent any claims are based on improperly rounded wages allegations, the dismissal is without leave to amend as to that asserted basis for the claims. *Garza v. Winco Holdings, Inc.*, No. 1:20-CV-01354-TLN-DB, 2023 WL 7736491, at *2 (E.D. Cal. Nov. 15, 2023) (dismissing minimum wage claim where plaintiff failed to include facts suggesting that the rounding policy resulted in unpaid wages or that the rounding policy resulted in systematic underpayment of wages).

1    To the extent that claims 2 and 3 are derivative of defendant's alleged meal and rest break

2    violations, those claims are denied as insufficiently pled for the reasons stated above.  Plaintiff

3    may not state a claim by simply rephrasing the labor code when such recitations fail to provide

4    details specific to plaintiff or defendant.  *Turner v. LTF Club Mgmt. Co., LLC*, No.

5    220CV00046KJMEFB, 2020 WL 4748374, at *2 (E.D. Cal. Aug. 17, 2020) (dismissing overtime

6    claim because allegation that plaintiff worked more than eight hours a day or forty hours a week

7    was conclusory and did not provide any details specific to plaintiff or defendant); *see also*

8    *Landers* 771 F.3d at 646 (internal quotations and citations omitted) (reasoning that "[a]lthough

9    plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision,' the

10    amount of overtime compensation owed by the employer, they should be able to allege facts

11    demonstrating there was at least one workweek in which they worked in excess of forty hours and

12    were not paid overtime wages.").

13    Plaintiff also alleges that he was required to perform work prior to clocking in.

14    Specifically, plaintiff alleges he was required to "open the steal [sic] doors prior ot [sic] opening

15    the store and prior to clocking in," and to "submit to mandatory temperature checks and symptom

16    questionnaires for COVID-19 screening" prior to clocking in.  FAC ¶ 8, Doc. 9.  Defendant

17    argues that plaintiff's allegation that he worked more than forty hours in a week is insufficient to

18    state a claim.  Motion, Doc. 14 at 13.  Plaintiff counters that he is not required to identify the

19    "specific number of overtime hours worked each week," particularly at this stage of the litigation.

20    Opposition, Doc. 16 at 13.  While *Landers* does not require plaintiff to state with "mathematical

21    precision" the amount of overtime or minimum wage compensation owed by defendant, it does

22    require plaintiff to provide some "detail regarding a given workweek when [plaintiff] worked in

23    excess of forty hours and was not paid overtime for that given workweek and/or was not paid

24    minimum wages." *Landers*, 771 F.3d at 646.  "A plaintiff may establish a plausible claim by

25    estimating the length of her average workweek during the applicable period and the average rate

26    at which she was paid, the amount of overtime wages she believes she is owed, or any other facts

27    that will permit the court to find plausibility." *Landers*, 771 F.3d at 645.

28    Plaintiff cites to *Boon v. Canon Bus. Sols., Inc.*, 592 F. App'x 631, 632 (9th Cir. 2015), an

1   unpublished decision, in arguing that the FAC sufficiently alleges a claim.  Opposition, Doc. 16 at

2   10.  *Boon* does not assist plaintiff's argument.  In *Boon*, the Ninth Circuit noted that while

3   *Landers* did not require a plaintiff to estimate "how much uncompensated time was worked, how

4   often, and at what rate to survive a motion to dismiss," it required that "plaintiffs in these types of

5   cases must allege facts demonstrating that there was at least one workweek in which they worked

6   in excess of forty hours and were not paid overtime wages."  *Boon*, 592 F. App'x at 632 (internal

7   quotations omitted).  The court found a complaint stated a claim where it sufficiently "identified

8   tasks for which [the plaintiff] was not paid and alleged that he regularly worked more than eight

9   hours in a day and forty hours in a week," while recognizing that "the requirement that courts

10  must accept as true all of the allegations contained in a complaint does not extend to 'threadbare

11  recitals of the elements of a cause of action, [that are] supported by mere conclusory statements.'"

12  *Id.* (quoting *Iqbal*, 556 U.S. at 678).

13      Consistent with *Landers*, a plaintiff must identify facts that give rise to a plausible

14  inference that plaintiff was not paid minimum wage or overtime during at least one workweek.

15  *See Landers*, 771 F.3d at 644–45; *Tinnin v. Sutter Valley Med. Found.*, 647 F. Supp. 3d 864, 869

16  (E.D. Cal. 2022).  To state a claim for overtime wages, plaintiff must sufficiently identify tasks

17  for which he was not paid, *and* sufficiently allege that he worked for more than the statutory

18  period without compensation.  *See Tinnin*, 647 F. Supp. 3d at 869-870 (examining FLSA claim to

19  determine whether plaintiff adequately identified tasks and adequately alleged that such tasks

20  pushed plaintiff's workweek beyond forty hours).

21      Here, plaintiff alleges the type of work he was required to perform.  FAC ¶ 8, Doc. 9.

22  However, plaintiff has not alleged any facts regarding his typical work schedule beyond the

23  general allegation that he worked for more than eight hours a day and more than forty-hour weeks

24  that would give rise to an inference that he was not paid overtime wages.  Plaintiff does not allege

25  facts regarding his typical work schedule sufficient to give rise to an inference that he was not

26  paid for overtime wages due.  *See Boone v. Amazon.com Servs., LLC*, 562 F. Supp. 3d 1103, 1123

27  (E.D. Cal. 2022) (plaintiffs stated overtime wage claim by alleging they were uncompensated for

28  COVID-19 screening and providing their work schedule); *Sherman v. Schneider Nat'l Carriers,*

1  *Inc.,* No. CV 18-08609-AB (JCX), 2019 WL 3220585, at *3 (C.D. Cal. Mar. 6, 2019) (dismissing

2  claims because, although plaintiff alleged he worked in excess of 40 hours, plaintiff failed to

3  plead "how many days per week he typically worked" and therefore did "not establish that he

4  worked 40 hours in any week as necessary to trigger entitlement to overtime.").

5       Nor does plaintiff provide an estimate of the amount of time he spent on uncompensated

6  tasks sufficient to state a claim for unpaid minimum wages or overtime wages.  *See Gordon v.*

7  *Abbott Vascular Inc.,* No. 522CV01438MCSSHK, 2023 WL 2627739, at *3 (C.D. Cal. Jan. 30,

8  2023) (minimum wage claim deficient because plaintiff failed to allege amount she was paid and

9  amount she expected to receive; but plaintiff sufficiently pled overtime wage claim by alleging

10  that, in particular workweek, defendant failed to pay overtime wages for six minutes spent each

11  workday donning protective gear); *Edwards v. Costco Wholesale Corp.*, No.

12  EDCV21716MWFKKX, 2021 WL 3130043, at *5 (C.D. Cal. July 23, 2021) (dismissing

13  minimum wage claim because plaintiff provided "no context regarding how many minutes or

14  hours Plaintiff allegedly worked off the clock, or how often it allegedly happened").

15       Although plaintiff has not sufficiently alleged overtime and minimum wage violations,

16  plaintiff has described the type of work that he allegedly was required to perform.  FAC ¶ 8,

17  Doc. 9.  Given these allegations, further amendment may not be futile.  Accordingly, claims 2 and

18  3 are dismissed without prejudice.

19       **2.   Failure to pay sick pay (Claim 9) and waiting time penalties (Claim 8)**

20       Plaintiff claims that defendant failed to pay sick pay due to plaintiff and the putative class

21  members.  Opposition, Doc. 16 at 19-21.  California law requires employers to permit employees

22  to use accrued sick leave.  Cal. Lab. Code § 233.  Employers are required to calculate accrued

23  sick pay for nonexempt employees at "the regular rate of pay for the workweek in which the

24  employee uses paid sick leave, whether or not the employee actually works overtime in that

25  workweek" or "by dividing the employee's total wages, not including overtime premium pay, by

26  the employee's total hours worked in the full pay periods of the prior 90 days of employment."

27  *Id.* at ¶ 246(l)(1)-(2).  Plaintiff alleges defendant did not properly compute sick pay, and

28  therefore, underpaid used sick pay.  Opposition, Doc. 16 at 20.  FAC ¶ 121, Doc. 9.  Plaintiff

clarifies that he does not seek damages directly under the Healthy Workplace, Healthy Families Act of 2014, but rather, seeks relief for "violations of <u>separate</u> California Labor Code provisions *as a result* of Defendants' systemic underpayment of sick pay."  Opposition, Doc. 16 at 7 (emphasis in the original).  Plaintiff concedes he cannot recover wages directly under the Healthy Workplace, Healthy Families Act of 2014, California Labor Code §§ 245, et seq.  Instead, plaintiff appears to argue that he can recover damages under California Labor Code §§ 201-203 for the underpayment of sick pay, by seeking waiting time penalties.  *Id.* at 21.  Defendant argues that sick pay is not a "wage" and that allegations in the FAC are insufficient because plaintiff failed to allege defendant denied plaintiff the right to use sick pay leave.  Motion, Doc. 14 at 21.

As plaintiff concedes that he cannot recover wages directly under California Labor Code § 245 *et seq.*, claim 9 is dismissed without leave to amend.  The court next examines whether plaintiff has sufficiently alleged his claim for waiting time penalties for the alleged underpaid sick pay (claim 8).

California law requires employers to pay employees the remaining wages they are due shortly after an employee is discharged.  *See* Cal. Lab. Code §§ 201, 202, 203.  Employers who fail to timely pay such wages owe the employee waiting time penalties.  *Id.* at §203.  Neither party has cited binding authority directly addressing whether plaintiff may receive waiting time penalties for used sick pay.  However, California has an expansive view of what constitutes wages and defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other methods of calculation."  Cal. Lab. Code. § 200; *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1103 (2007) ("statues governing the conditions of employment are to be construed broadly in favor of protecting employees").  California courts have "recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay."  *Murphy*, 40 Cal. 4th 1094, 1103 (2007) (internal citations omitted).  Using this expansive view of wages, once sick pay is used, it vests as wages.  *Ismail v. Am. Airlines, Inc.*, No. CV221111DMGJPRX, 2023 WL 5504932, at *5 (C.D. Cal. July 14, 2023) (finding that plaintiff could seek waiting time penalties

1   for used sick pay); *Flores v. Dart Container Corp.*, No. 219CV00083WBSEFB, 2020 WL

2   2770073, at *3 (E.D. Cal. May 28, 2020) (finding paid sick leave constitutes wages for which a

3   plaintiff can recover waiting time penalties).  As such, an employee may recover waiting time

4   penalties for used sick leave pay that the employer failed to timely pay following the employee's

5   termination.

6        Although an employee may be able to recover waiting time penalties for used sick leave

7   for which he was not paid, plaintiff has not sufficiently alleged that he is entitled to such waiting

8   time penalties in this action.  Plaintiff makes only conclusory allegations that defendant underpaid

9   used sick leave.  As such, plaintiff's claim 8 fails as to the underpaid sick pay.

10       Plaintiff's claim for waiting time penalties for other wages due following plaintiff's

11   discharge from employment appears to be predicated on plaintiff's other wage claims that are

12   being dismissed.  Accordingly, plaintiff's claim for waiting time penalties due on the unpaid

13   wages also fails.  *See Archuleta v. Avcorp Composite Fabrication Inc.*, No.

14   CV188106PSGFFMX, 2019 WL 1751830, at *3 (C.D. Cal. Feb. 5, 2019) (dismissing failure to

15   timely pay wages predicated on dismissed overtime wages, minimum wages, and missed meals

16   claims).

17       Plaintiff's claim 8 is therefore also dismissed without prejudice.

18       **C.    Unlawful Wage Statements Claim (Claim 6)**

19       California law requires employers to provide accurate itemized wage statements that show

20   gross wages, total hours worked, and net wages earned.  Cal. Lab Code § 226(a).  This claim is

21   derivative of plaintiff's minimum wage, overtime wage, and meal and rest break claims.

22   Opposition, Doc. 16 at 16-17.  Specifically, plaintiff alleges that the wage statements were

23   inaccurate because "[w]hen the hours shown on the wage statements were added up, they did not

24   equal the actual total hours worked during the pay period."  FAC ¶ 105, Doc. 9.

25       To the extent that this claim is based on the deficient wage claims, the wage statement

26   claims is also deficient but, for the same reasons, may be remedied if plaintiff repleads his claims.

27   *See Meraz-Valencia*, 2023 WL 2541852 at *5 (plaintiff's itemized wage statement claim could be

28   plausible were plaintiff to remedy his deficient meal break claim).  The unlawful wage statements

1    claim (claim 6) is therefore dismissed without prejudice.

2            **D.      Reimbursement of work-related expenses (Claim 7)**

3            California law requires employers to reimburse employees "for all necessary expenditures

4    or losses incurred by the employee in direct consequence of the discharge" of the employee's

5    duties or obedience of an employer's direction.  Cal. Lab. Code § 2802(a).  To state a claim for a

6    § 2802 violation, the complaint needs to allege: "how or when an employer failed to reimburse;

7    the specific nature of the business expense at issue; whether the employer knew such expenses

8    were incurred; and whether the employer willfully refused to reimburse such expenses."  *See*

9    *Krauss*, 2019 WL 6170770, at *5.  This may be alleged by "a single instance when such cost was

10   actually incurred and not reimbursed." *Chavez*, 2019 WL 1367812 at *3.

11           Here, plaintiff alleges he and putative class members "incurred unreimbursed business

12   expenses which included, but were not limited to, costs related to the use of their personal cellular

13   phones all on behalf of and for the benefit of DEFENDANT."  FAC ¶ 23, Doc. 9.  Plaintiff also

14   alleges that he was required to use his "personal cellular phone[] as a result of and in furtherance

15   of [his] job duties." *Id.* ¶ 23.   As pled, the FAC does not allege an instance when such expenses

16   were incurred but not reimbursed and does not allege how plaintiff was required to use his

17   personal cell phone to further his job duties.  The FAC contains only general, conclusory

18   statements regarding the failure to reimburse work-related losses and expenses.  Thus, plaintiff's

19   claim for failure to reimburse for work-related expenses is dismissed, also without prejudice.

20           **E.      Unfair Competition Law Claim (Claim 1)**

21           Plaintiff's unfair competition law claim (Claim 1) is predicated on Plaintiff's causes of

22   actions two through five.  Opposition, Doc. 16 at 22.  As those claims are insufficient to state a

23   claim, the unfair competition law claim also fails and is dismissed without prejudice.  *See*

24   *Archuleta v. Avcorp Composite Fabrication Inc.*, No. CV188106PSGFFMX, 2019 WL 1751830,

25   at *4 (C.D. Cal. Feb. 5, 2019) (dismissing unfair competition law claim predicated on claims that

26   were also dismissed).

27   ///

28   ///

                                           14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IV.     CONCLUSION**

For the reasons stated above, defendant's motion to dismiss is GRANTED.  Plaintiff may file a second amended complaint consistent with this Order within twenty-one (21) days of the filing of the Order.

IT IS SO ORDERED.

Dated:   June 24, 2024

_____
UNITED STATES DISTRICT JUDGE

15