SEYFARTH SHAW LLP
David D. Jacobson (SBN 143369)
djacobson@seyfarth.com
Lauren S. Schwartz (SBN 312253)
lschwartz@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:    (310) 277-7200
Facsimile:    (310) 201-5219

SEYFARTH SHAW LLP
Justin T. Curley (SBN 233287)
jcurley@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
Michelle L. DuCharme (SBN 285572)
mducharme@seyfarth.com
400 Capitol Mall, Suite 2300
Sacramento, California 95814-4428
Telephone:    (916) 448-0159
Facsimile:    (916) 558-4839

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN REYES, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00300-KES-HBK<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>**Date:        July 6, 2026**<br>**Time:        1:30 p.m.**<br>**Judge:      Hon. Kirk E. Sheriff**<br>**Location**:   **Courtroom 6, 7th Floor** |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED CLASS
ACTION COMPLAINT

## I.    INTRODUCTION

Plaintiff Martin Reyes ("Plaintiff") failed to engage in any meaningful meet and confer with Defendant Costco Wholesale Corporation ("Defendant") prior to filing his Motion to Amend. Although Plaintiff claims his counsel sought to meet and confer on March 24, March 31, April 2, and April 14, the reality is counsel sent only one email to Defendant on March 24, to which Defendant responded, stating its belief that such a motion was premature, given Defendant's pending third motion to dismiss. See ECF No. 39-1 at 101-105. After its communication on March 24, Defendant did not hear from Plaintiff until the filing of this motion. Plaintiff's purported later communications to Defendant on April 14, April 2, and March 31 *were never sent to defense counsel*; instead, they were *sent only internally among Plaintiff's counsel*. See ECF No. 39-1 at 101-105. For this reason alone—the lack of any meaningful meet and confer—Plaintiff's motion should be denied.

Even assuming Plaintiff sufficiently engaged in meet and confer communications in accordance with the Court's Standing Order in Civil Cases, Plaintiff's motion fails to establish that he can cure the deficiencies in his complaint by simply adding a new plaintiff—an amendment that essentially seeks leave to join an entirely separate and distinct lawsuit to Plaintiff's action against Defendant. Although leave to amend is generally freely given, it may be denied where, as here, the proposed amendment reflects undue delay, is futile, and would cause undue prejudice to Defendant. See generally *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (identifying five factors relevant to whether leave to amend should be granted).

As a preliminary matter, Plaintiff's Motion for Leave to Amend ("Motion") was brought with undue delay. Plaintiff filed this action and served Defendant more than two years ago. ECF No. 1 at ¶ 4, Ex. A. Here, Plaintiff has already amended the complaint twice, the Court previously granted Defendant's Motion to Dismiss the FAC finding Plaintiff did not state a claim upon which relief could be granted, ECF No. 25, and discovery in this case is stayed pending the Court's ruling on Defendant's current Motion to Dismiss the SAC, ECF No. 34. Plaintiff has now nonetheless taken affirmative steps to join a different proposed plaintiff—Ernesto Vasquez—during this period. Plaintiff cannot now rely on the same period of time as an excuse for not timely seeking leave to amend. Further, Plaintiff cannot add Ernesto Vasquez as a new Plaintiff, which is an apparent (mistaken) effort to salvage Plaintiff's deficient claims. *See, e.g.*, *In*

1

*re Milk Products Antitrust Litigation*, 195 F.3d at 433, 438 (1999) (upholding district court's denial of leave to amend complaint for the third time more than a year after the filing of the complaint because "[a]fter [such an] extended amount of elapsed time, Plaintiffs' present realization that their lone named complainant may not qualify as a class representative does not establish good cause"). Indeed, Plaintiff appears to only propose the amendment to merely circumvent the filing of a separate lawsuit by Ernesto Vasquez against Defendant. See ECF No. 39-1 at 103-104 (Plaintiff's counsel's internal correspondence contemplating filing a new action instead of a motion to amend the complaint).

Not only has Plaintiff's Motion been brought with undue delay, but more importantly, Plaintiff's leave to amend should be denied because the proposed amendment is futile, which alone is sufficient grounds for denial. *Nissan Motor Co., Ltd. v. Nissan Computer Corp.*, 204 F.R.D. 460, 463 (C.D. Cal. 2001). As stated in Defendant's Motion to Dismiss, Plaintiff's proposed amendments do not cure any of the deficiencies in his operative second amended complaint. See ECF Nos. 29, 36.

As reflected in the proposed Third Amended Complaint ("TAC"), Plaintiff does not add any substantive factual allegations, and merely adds another named Plaintiff. This fails to remedy the deficiencies in his claims against Defendant. See ECF No. 39-1 at 7-8 (the only proposed amendment is to briefly summarize Ernesto Vasquez's employment with no substantive allegations related to or that cure the existing, deficiently alleged claims). The new allegations are conclusory assertions regarding Ernesto Vasquez's employment and therefore remain insufficient as a matter of law to support a well-pleaded complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Finally, granting leave to amend would unduly prejudice Defendant. Defendant would be forced to litigate another Motion to Dismiss what is essentially the same complaint that Defendant has already moved to dismiss for failure to state a claim. Further, rather than creating judicial efficiency, the addition of another plaintiff at this late stage would substantially complicate case management and needlessly expand the scope of the litigation when Plaintiff already purports to represent Ernesto Vasquez as a putative class member.

For all of these reasons, the Court should deny Plaintiff's Motion for Leave to Amend.

2

## II.    RELEVANT FACTUAL BACKGROUND

On October 24, 2023, Plaintiff sent a notice of alleged labor code violations and a draft complaint to the California Labor & Workforce Development Agency ("LWDA") and to Defendant. Counsel for Defendant responded with a lengthy meet and confer letter to Plaintiff's counsel identifying the many deficiencies contained in the LWDA letter and draft complaint, and providing Plaintiff relevant time and wage records. *See* ECF No. 6-1, Ex. A. Plaintiff's counsel never responded to Defendant's letter.

On November 8, 2023, Plaintiff sued Defendant in Sacramento County Superior Court and filed a complaint that is substantively identical to the draft complaint that he previously sent to Defendant. On January 24, 2024, Defendant removed the action to this Court, invoking diversity jurisdiction under the Class Action Fairness Act. ECF No. 1. On January 26, 2024, Defendant moved to dismiss the complaint for failure to state a plausible claim for relief. ECF No. 6.

On February 9, 2024, Plaintiff responded to Defendant's motion to dismiss by filing a First Amended Complaint ("FAC"). ECF No. 9.

On February 23, 2024, Defendant filed a Motion to Dismiss the FAC. ECF No. 14. On June 24, 2024, in a reasoned order, the Court granted Defendant's Motion to Dismiss, finding Plaintiff failed to state a claim upon which relief can be granted. ECF No. 25.

On July 15, 2024, Plaintiff filed a Second Amended Complaint. ECF No. 28.

On August 13, 2024, Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted. ECF No. 29. Following the parties' briefing, the Court ordered the Motion submitted without oral argument. ECF No. 38.

On August 16, 2024, the Court granted the parties' stipulation and stayed discovery pending the ruling on Defendant's Motion to Dismiss, further ordering that "[s]hould the matter proceed, the Court will issue an order setting this matter for an Initial Scheduling Conference." ECF No. 34.

During the preceding two and a half years, Plaintiff never indicated any intention to amend the complaint to add a new plaintiff. Indeed, Plaintiff never indicated any intention to further amend the complaint to cure the deficiencies in previous complaints, including those summarized in the Court's order on Defendant's second Motion to Dismiss. ECF No. 25. In fact, during the meet and confer before Defendant filed its pending Motion to Dismiss the SAC, Plaintiff represented that he had no further facts

3

that could asserted for an amended complaint. ECF Nos. 29, 29-1. Now, as we await the Court's decision on Defendant's third motion to dismiss, Plaintiff seeks permission to file a Third Amended Complaint to add another plaintiff, despite failing to meaningfully meet and confer, and without establishing any viable reason to afford Plaintiff the relief sought in his instant motion. At a minimum Plaintiff's motion is premature and should be deferred until after the Court rules on the Defendant's pending motion to dismiss.

On March 24, 2026—more than two years after Plaintiff effectuated service of the original complaint on Defendant—Plaintiff advised Defendant that he intended to amend the complaint to add Ernesto Vasquez as a plaintiff and class representative for the putative class. ECF No. 39-1 at 104-105. Plaintiff did not provide any further information to Defendant in support of the proposed amendment, and Plaintiff did not advise that he sought to add any further factual allegations pertaining to his claims. *Id.* Indeed, Plaintiff's proposed TAC does not seek to add any factual allegations that would purportedly cure the deficiencies identified in the Court's prior order granting Defendant's motion to dismiss the FAC. Compare ECF No. 39-1 at 50 with ECF No. 25.

On that same day, March 24, 2026, Defendant responded to Plaintiff's request, stating that Defendant believed the request to amend to be premature given the pending Motion to Dismiss. ECF No. 39-1 at 104.

***This marks the end of Plaintiff's meet and confer efforts with Defendant.***

Although Plaintiff claims several more attempts were made to meet and confer, including to schedule a meet and confer call in accordance with the Court's Standing Order, a review of the correspondence shows that ***none of Defendant's counsel of record are in fact on the communications proffered by Plaintiff as evidence of his meet and confer efforts***. ECF No. 39-1 at 101-102 (the emails Plaintiff references in support (on March 31, 2026, April 2, 2026, and April 14, 2026) are not addressed to any of Defendant's counsel—they are all addressed only to individuals within Plaintiff's counsel's law firm.

On May 13, 2026, Plaintiff filed his Motion for Leave to File a TAC. ECF No. 39.

## III.     PLAINTIFF'S MOTION SHOULD BE DENIED FOR FAILURE TO COMPLY WITH THE COURT'S MEET AND CONFER REQUIREMENTS

Plaintiff's motion independently fails for lack of compliance with the Court's mandatory meet and

4

confer requirements. The Court's Standing Order requires the parties to "engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution." ECF No. 19 at ¶ I.C. It further requires the moving certify that "**meet and confer efforts have been exhausted, with a brief summary of meet and confer efforts**." *Id.* Plaintiff did not satisfy these requirements. Despite counsel's suggestion that multiple meet-and-confer efforts occurred, the record reflects only a single email sent to Defendant on March 24, 2026, to which Defendant responded the same day, stating its view that the proposed amendment was premature in light of Defendant's pending motion to dismiss. Plaintiff did not respond to Defendant's email stating that the motion would be premature, and made no further effort to engage in any substantive meet and confer at any time thereafter. ECF No. 39-1 at 101-105 (showing only the one email to Defendant's counsel on March 24, 2026). A single email exchange, without any follow-up or meaningful dialogue, does not constitute a "thorough" meet and confer, nor does it demonstrate that efforts were "exhausted."

Plaintiff's motion should be denied on this ground alone. *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); *Marc Guisinger v. Keystone RV Co.*, No. 2:23-CV-01393-MWC-RAO, 2026 WL 855141, at \*4 (C.D. Cal. Feb. 19, 2026) ("Failure to follow Court rules is grounds to deny or strike a motion."); *Mollica v. Cnty. of Sacramento*, No. 2:19-CV-02017-KJM-DB, 2022 WL 15053335 (E.D. Cal. Oct. 26, 2022) (striking motion for failure to comply with the Court's meet and confer standing order when the moving party sent only one email and failed to exhaust efforts to meet and confer).

## IV.    LEGAL ARGUMENT

When considering a motion for leave to amend, courts consider the five *Foman* factors: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure of previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Natural Resources Defense Council v. Kempthorne*, No. 1:05-cv-01207-LGO GSA, 2016 WL 8678051 (E.D. Cal. Apr. 22, 2016).

Here, Plaintiff seeks leave to amend his complaint a third time to add a new Plaintiff. Plaintiff offers little by way of a justification, claiming only that the amendment is noncontroversial, would not substantially alter the claims, and would not prejudice Defendant, while failing to identify any new facts or circumstances warranting an amendment at this juncture to add the name of an individual whom Plaintiff already purports to represent as a putative class member.

### A.    Plaintiff's Motion Should Be Denied As Futile In Light Of The Repeated Failure Of His Previous Amendments

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The Ninth Circuit has alternatively stated that the test of whether amendment would be futile is "identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Id.* (citing 3 J. Moore, Moore's Federal Practice ¶ 15.08[4] (2d ed. 1974)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *Miller*, 845 F.2d at 214 ("motion for leave to amend may be denied if it appears to be futile"); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (futility alone may be grounds for denying relief).

Here, Plaintiff's proposed Third Amended Complaint is futile because it does not cure the deficiencies previously identified by the Court and raised in Defendant's pending Motion to Dismiss the SAC. ECF Nos. 25, 34. Despite having multiple opportunities to amend, Plaintiff continues to offer only conclusory allegations and fails to plead any viable claim. The proposed amendment simply adds another named plaintiff to the same deficient allegations already at issue in Defendant's pending Motion to Dismiss the SAC. If Defendant's pending Motion to Dismiss is granted with prejudice—which is a very plausible result, given Plaintiff has already amended the complaint twice—the case will be over.

Most importantly, because Plaintiff already purports to represent Vasquez as a putative class member, the amendment is duplicative and unnecessary. *Soto v. Castlerock Farming & Transp., Inc.*, 2011 WL 3489876, at *5 (E.D. Cal. Aug. 9, 2011) (denying leave to amend in part because the proposed new plaintiff "is a putative class member, and as such the underlying claims to the … action have already been asserted on his behalf").

6

Separately, Plaintiff's repeated failure to cure the deficiencies confirms that further amendment would be futile. Plaintiff has already amended his complaint multiple times and has been expressly notified of the pleading defects through both the Court's prior order and Defendant's briefing. Yet this proposed fourth iteration of Plaintiff's complaint would yet again fail to allege sufficient facts to state a claim. Courts have particularly broad discretion to deny leave where, as here, a plaintiff has already been afforded prior opportunities to amend but continues to assert the same deficient allegations. *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)); *see also Soto*, 2011 WL 3489876, at *5 ("futility may be found where added claims are duplicative of existing claims or patently frivolous, or both" (citing *Bonin*, 59 F.3d at 846)).

Accordingly, both the substance of the proposed amendment and Plaintiff's repeated inability to cure identified defects independently demonstrate that amendment would be futile, and the Motion should be denied.

**B.    Plaintiff Unduly Delayed in Seeking Leave to Amend the Operative Complaint And Has Acted In Bad Faith In Waiting Nearly One Year After Defendant Filed Its Motion To Dismiss Plaintiff's Second Amended Complaint**

Plaintiff offers no justification for his delay in seeking to add Ernesto Vasquez to this action more than two years after initiating the action and after already amending the complaint multiple times. Nor does Plaintiff identify any newly discovered facts or changed circumstances that would warrant amendment at this stage. Critically, the proposed amendment does nothing to cure the deficiencies already identified by Defendant in its pending third Motion to Dismiss. Although delay alone may not always justify denial of leave to amend, when evaluated alongside other factors, which are present as discussed herein, Plaintiff's unexplained delay weighs strongly in favor of denying his Motion for Leave to Amend. *Soto*, 2011 WL 3489876, at *3 (denying request to add a plaintiff to a class action case because the plaintiffs had amended the complaint several times and had made a purposeful decision to delay seeking leave to amend for two years (citing *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006)) (eight month delay "in seeking a leave to amend is unreasonable")).

Plaintiff's sole argument is that the Motion for Leave to Amend was filed before any deadline to amend and more than 35 days before the noticed hearing. ECF No. 39 at 6. These arguments miss the mark. Compliance with procedural timing requirements does not justify amendment. Nor does the absence

7

of a scheduling order excuse Plaintiff's lack of diligence, particularly where Plaintiff omits that the Court has not yet issued a scheduling order because of Defendant's pending third Motion to Dismiss. ECF No. 34 (staying discovery and providing that an initial scheduling conference will be scheduled "[*s*]*hould the matter proceed*" (emphasis added)).

Finally, the timing of Plaintiff's motion alone supports an inference of bad faith. Defendant's Motion to Dismiss the SAC was filed on August 13, 2024 and fully briefed by September 5, 2024. ECF Nos. 29, 36. Yet Plaintiff waited nine months to seek leave to amend the complaint for a third time, despite seemingly possessing all relevant facts during that period. Plaintiff's Motion identifies nothing new, and the proposed Third Amended Complaint is substantively duplicative of the Second Amended Complaint. Such delay, coupled with the absence of new facts or legal theories weighs in favor of denying Plaintiff's Motion. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (finding "undue delay" where parties "knew or should have known the facts and theories raised by the amendment" at the time of filing the original pleading, and had no explanation for failing to raise them earlier); *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1520 (9th Cir. 1983) (the filing of multiple amended complaints raises an inference of bad faith).

### C.      Plaintiff's Proposed TAC Would Unduly Prejudice Defendant

Plaintiff's proposed Third Amended Complaint would also unduly prejudice Defendant, a factor that weighs strongly in favor of denying leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (prejudice is the "touchstone" of the Rule 15 analysis). Plaintiff contends there is no prejudice given the procedural posture of the case. That argument ignores both the procedural history of this case and the practical effect of the proposed amendment.

First, the amendment would require Defendant to relitigate the same deficiencies in Plaintiff's allegations after years of motion practice. Defendant has already challenged three iterations of Plaintiff's complaint (Original, FAC, and SAC), including securing dismissal based on substantive pleading deficiencies in the FAC. ECF No. 25. Plaintiff's proposed Third Amended Complaint does not address those deficiencies. Instead, it merely seeks to add a new named plaintiff while leaving the underlying deficient allegations unchanged.

8

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED CLASS ACTION COMPLAINT

Second, Plaintiff identifies no corresponding prejudice that would result from denial of the amendment. Plaintiff's claims will proceed unchanged regardless of whether Ernesto Vasquez is added as a named party. Any claims specific to Ernesto Vasquez can be pursued separately if appropriate—which appears unnecessary considering Plaintiff already purports to represent him in this case as a putative class member.

## V.       CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File a Third Amended Complaint should be denied. Plaintiff failed to comply with the Court's mandatory meet and confer requirements, which alone warrants denial. Independently, the five *Foman* factors weigh against amendment. At a minimum Plaintiff's motion is premature and should be deferred until after the Court rules on Defendant's pending motion to dismiss.

DATED: May 27, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Justin T. Curley*
     David D. Jacobson
     Justin T. Curley
     Michelle L. DuCharme
     Lauren S. Schwartz

     Attorneys for Defendant
     COSTCO WHOLESALE CORPORATION

9